**Sherri Lynn BAKER, By her next friend Kenneth Glusman,**

v.

**Felton BAKER et al.**

**No. 1063–Civil.**

United States District Court,
E. D. North Carolina,
Fayetteville Division.

Dec. 17, 1973.

William S. Geimer, Neill H. Fleishman, Fayetteville, N. C., for plaintiff.

James R. Nance, and James R. Nance, Jr., Fayetteville, N. C., William F. O'Connell, Asst. Atty. Gen., Raleigh, N. C., for defendants.

## MEMORANDUM DECISION

Before CRAVEN, Circuit Judge, BUTLER, Chief Judge, and LARKINS, District Judge.

PER CURIAM:

The minor plaintiff, Sherri Lynn Baker, instituted this action on July 10, 1973, against her parents and others to enjoin, as facially unconstitutional, the enforcement of N.C.Gen.Stat. §§ 110–44.1 et seq. (Parental Control of Children), and N.C.Gen.Stat. § 110–58, Article IV (Interstate Compact on Juveniles). A three-judge court has been designated to hear and determine this action as provided by 28 U.S.C. § 2284.

The defendants, Felton Baker and wife, Mary Baker, are parents of the plaintiff and are residents of the State of Texas. On or about June 25, 1973, the parents brought an action in the General Court of Justice, District Court Division of Cumberland County, North Carolina, pursuant to §§ 110–44.1 et seq. alleging that Sherri Lynn Baker is their unmarried daughter, 16 years of age; that she had been enticed from their home without their knowledge or consent, and seeking an order placing the minor in the care and custody of her parents.

On or about June 29, 1973, the parents filed a petition in said state court, pursuant to § 110–58, Article IV, alleging that said minor child had run away from the State of Texas without the consent of said parents, and seeking her return to Texas. Both actions are now pending in the state court.

On July 10, 1973, a single judge of this court entered a temporary restraining order enjoining further proceeding by the state court in either of said cases pending in the General Court of Justice, District Court Division of Cumberland County. On July 13, 1973, said temporary restraining order was continued in full force and effect until such time as a three-judge district court could hear and determine the matter, or until further orders of the court.

On July 18, 1973, the minor plaintiff and one, David Lynn Grizzle, were married in Forrest County, Mississippi, and they have subsequently lived together as

husband and wife in Jacksonville, North Carolina. The minor plaintiff became 17 years of age on August 31, 1973.

On August 30, 1973, a hearing was held before a single judge of this court upon the return of an order to show cause why the temporary restraining orders issued in this cause should not be vacated. An order was entered on said date reciting that the temporary restraining orders theretofore entered by the court effect only a stay of further proceedings in the two cases pending in the state courts, and that said orders do not relate to or effect a stay of any further proceedings in any court, state or federal, relating to the validity of the marriage between the minor plaintiff, Sherri Lynn Baker, and David Lynn Grizzle in the County of Forrest, State of Mississippi, and continuing the temporary restraining orders in full force and effect pending further orders of the court.

This action presents several questions for consideration: (1) Whether plaintiff's marriage has mooted the challenge to the constitutionality of G.S. §§ 110–44.1 et seq. and G.S. § 110–58; (2) whether the action under G.S. §§ 110–44.1 et seq. applies to a child under the age of 18 who is married; (3) whether under the law of Texas, the parents are "entitled to legal custody" of their minor daughter after her marriage and thus have the right to maintain a proceeding under G.S. § 110–58, Article IV, or whether the marriage of a minor under the age of consent is a complete emancipation irrespective of the parent's consent; and (4) whether the marriage has given the minor plaintiff a domicile other than Texas and deprived the Texas courts of jurisdiction under G.S. §§ 110–58 et seq.

We think that plaintiff's marriage subsequent to the institution of this action presents special circumstances and raises questions of state law that may be dispositive of the case and the federal constitutional issues avoided. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). The case, however, is not moot because of the possibility that (1) the North Carolina court may find the marriage to be invalid, or (2) the parents may be successful in having the marriage annulled. The order of August 30, 1973, specifically leaves these opportunities to attack the validity of the marriage open and not subject to the temporary restraining orders entered on July 10 and July 13. If the parents are successful in either approach, the constitutional questions would once again be raised. We express no view upon the merits of the constitutional challenge to the statutes.

We accordingly vacate the temporary restraining orders entered on July 10 and July 13 to allow the state courts to adjudicate the question of the effect of plaintiff's marriage upon the actions pending in the state courts under G.S. §§ 110–44.1 et seq. and G.S. § 110–58, Article IV. This court abstains from adjudication of the constitutional claims, and jurisdiction is retained pending the proceedings in the state courts.